**Matthew SCHWARZ, Gulf Coast Recovery, Inc., a Florida Corporation, Plaintiffs–Defendants–Cross–Claimants–Appellants,**

John Doe, I–IV, anonymous individuals, Jane Doe, V–IX, anonymous individuals, Plaintiffs–Appellants,

v.

CITY OF TREASURE ISLAND, a Florida Municipal Corporation, Defendant–Plaintiff–Cross–Defendant–Appellee,

City of Treasure Island Code
Enforcement Board,
Defendant–Appellee.

No. 06–15075.

United States Court of Appeals,
Eleventh Circuit.

Sept. 28, 2007.

Ethan J. Loeb, Bricklemyer Smolker, Tampa, FL, for Plaintiffs–Defendants–Cross–Claimants–Appellants/Plaintiffs–Appellants.

David Smolker, Bricklemyer Smolker & Bolves, P.A. Tampa, FL, for Plaintiffs–Appellants.

James L. Yacavone, III, Frazer, Hubbard, Brandt, Trask & Yacavone, LLP, Dunedin, FL, for Defendant–Plaintiff–Cross–Defendant–Appellee.

Shauna F. Morris, Frazer, Hubbard, Brandt, Trask & Yacavone, LLP, Dunedin, FL, for Defendant–Appellee.

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

Appellants argue, on this interlocutory appeal, that the district court abused its discretion in denying their request for a preliminary injunction. The abuse of discretion argument is based upon Appellants' contentions that 12305 3rd Street is a "dwelling" under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and that the Appellees denied their reasonable accommodation request.

A district court's denial of a request for a preliminary injunction "will not be reversed unless there is a clear abuse of discretion." *Revette v. Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers,* 740 F.2d 892, 893 (11th Cir.1984) (citation omitted). "[A]n abuse of discretion standard recognizes there is a range of choice within which we will not reverse the district court even if we might have reached a different decision." *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1226 (11th Cir.2005) (citations omitted); *see also Revette,* 740 F.2d at 893; *Rasbury v. Internal Revenue Serv. (In re Rasbury),* 24 F.3d 159, 168–69 (11th Cir.1994); *McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir.2001). Appellants' contentions may be correct, but the question of whether 12305 3rd Street is a "dwelling" within the meaning of the Fair Housing Act is sufficiently close and complex to warrant affirming the district court's denial of a preliminary injunction.

We do not decide the ultimate issue of whether Appellants will prevail. We can conduct a more thorough review following the district court's final decision regarding injunctive relief. We decide only that the district court did not abuse its discretion in denying the request for a preliminary injunction.

**AFFIRMED.**

BARKETT, Circuit Judge, specially concurring:

I adhere to the view that this case is moot. But, since the court has denied the

City of Treasure Island's motion to dismiss the appeal, I join the court's opinion.